**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **NOR T. THOMAS, JR.,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 07-CV-180-GKF-PJC |
| ) | |
| **JUSTIN JONES, Director,** ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

Before the Court is Petitioner's 28 U.S.C. § 2254 petition for writ of habeas corpus (Dkt. # 1). Petitioner, a state inmate appearing *pro se*, challenges his conviction entered in Washington County District Court, Case No. CF-2004-513. Respondent filed a response (Dkt. # 8) to the petition and provided state court records (Dkt. #s 8, 9, and 10) necessary for resolution of Petitioner's claims. Petitioner filed a reply (Dkt. # 13). For the reasons discussed below, the Court finds the petition should be denied.

*BACKGROUND*

Petitioner Nor T. Thomas, Jr., was charged with Robbery With a Weapon, After Former Conviction of Two Felonies, in Washington County District Court, Case No. CF-2004-513. On January 19, 2005, while represented by attorney Jim Conatser, Petitioner entered a blind plea of guilty. On that same date, the trial judge sentenced Petitioner to the minimum sentence of twenty (20) years imprisonment, as provided under Oklahoma's general enhancement statute, Okla. Stat. tit. 21, § 51.1.

On January 24, 2005, Petitioner filed a motion to withdraw his guilty plea. <u>See</u> Dkt. # 8, Ex. 4, attached motion. Continuing to be represented by attorney Conatser, he identified four bases justifying withdrawal of the guilty plea:

(1) the court denied his oral application for change of venue,

(2) the court denied his request for a substitute court appointed attorney,

(3) the defendant requested his mandatory right to be admitted to a drug rehabilitation program, which was denied by this court, and

(4) that ends of justice would be served by permitting the withdrawal of plea of guilty.

<u>Id.</u> On March 4, 2005, the trial court judge conducted a hearing on the motion to withdraw plea. At the conclusion of the hearing, the motion to withdraw plea of guilty was denied. <u>See</u> Dkt. # 10, Trans. Mot. Hr'g at 16.

Petitioner perfected a *certiorari* appeal at the Oklahoma Court of Criminal Appeals ("OCCA"). Represented by attorney Jarrod Stevenson, Petitioner raised one (1) claim, as follows:

Mr. Thomas' guilty plea was not made knowingly and voluntarily because he was not advised of the correct range of punishment constituting fundamental error in violation of the Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article Two, Sections Seven and Twenty of the Oklahoma Constitution.

<u>See</u> Dkt. # 8, Ex. 1. On January 18, 2006, in Case No. C-2005-250, the OCCA entered its unpublished summary opinion denying the petition for writ of *certiorari*. <u>See</u> Dkt. # 8, Ex. 3.

On June 16, 2006, Petitioner filed an application for post-conviction relief in the state district court. <u>See</u> Dkt. # 8, Ex. 4, attached application. By order filed November 8, 2006, the state district court denied post-conviction relief. <u>Id.</u>, attached order. Petitioner appealed to the OCCA. <u>Id.</u> By Order filed February 20, 2007 (Dkt. # 8, Ex. 5), the OCCA stated that Petitioner raised two claims:

2

(1) ineffective assistance of trial counsel for failing "to properly submit the appropriate issues" in support of his motion to withdraw his plea of guilty, and (2) ineffective assistance of appellate counsel for failing to raise the issue of ineffective assistance of trial counsel. The OCCA rejected the claims and affirmed the denial of post-conviction relief. See Dkt. # 8, Ex. 5.

On March 26, 2007, Petitioner filed his federal petition for writ of habeas corpus (Dkt. # 1). He identifies four claims, as follows:

> Ground 1: Mr. Thomas' guilty plea was not made knowingly and voluntarily.
> Because he was not advised by the Court of the correct range of punishment waiver of right to appeal sentence in plea agreement not valid where guilty plea not knowing and voluntary because defendant was not informed regarding mandatory minimum sentence under Statute 21 O.S. § 801.
>
> Ground 2: Ineffective assistance of trial counsel who improperly denied Petitioner's right to withdraw plea of guilty and waived P.S.I.
> The trial counsel Mr. Conatser failed to properly file Mr. Thomas's motion to withdraw plea of guilty, by not presenting the issue of "knowingly and voluntarily" because he was not advised of the correct range of punishment. In support of his motion, and there was a conflict between client and the attorney's personal interest.
>
> Ground 3: Ineffective assistance of appellate counsel constitutionally ineffective.
> Appellate counsel Mr. Stevenson failed to raise the issue of ineffective assistance of trial counsel, because he knew that Mr. Conatser had not properly filed the motion to withdraw plea of guilty, with complete supporting facts concerning "knowingly and voluntarily," which denied Mr. Thomas a true and correct appeal by a competent attorney. Also appellate counsel failed to raise the issue about Mr. Conatser waiving defendant's P.S.I., which is a due process violation.
>
> Ground 4: To grant motion to withdraw plea of guilty.
> The motion to withdraw plea of guilty was not properly filed by Mr. Conatser who failed to include "knowingly and voluntarily" because he was not advised of the correct range of punishment should give Mr. Thomas another opportunity to file a true and correct motion to withdraw plea of guilty.

(Dkt. # 1). In response to the petition (Dkt. # 8), Respondent asserts that Petitioner's ground 1 claim is procedurally barred, and that he is not entitled to relief on his claims of ineffective assistance of

3

counsel under 28 U.S.C. § 2254(d). The Court notes that in his reply (Dkt. # 13) to the response, Petitioner identifies seven instances of ineffective assistance of counsel. Only three of those claims are identified in the petition and are properly before the Court. The Court will not consider claims first raised in a reply brief. See United States v. Jenkins, 904 F.2d 549, 554 n.3 (10th Cir. 1990).

*ANALYSIS*

**A.     Exhaustion/Evidentiary Hearing**

Respondent states that Petitioner has satisfied the exhaustion requirement of 28 U.S.C. §2254(b) for federal habeas corpus review. The Court agrees. In addition, the Court finds that Petitioner is not entitled to an evidentiary hearing. See Williams v. Taylor, 529 U.S. 420 (2000).

**B. Claims adjudicated by the OCCA (grounds 2, 3, and 4)**

The Antiterrorism and Effective Death Penalty Act ("AEDPA") amended the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, a petitioner may obtain federal habeas relief on a claim adjudicated by a state court only if the state decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the "determination of a

factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

In his petition, Petitioner identifies claims of ineffective assistance of trial and appellate counsel. The record confirms that Petitioner presented his claims of ineffective assistance of trial and appellate counsel to the OCCA in his post-conviction appeal. The OCCA adjudicated the claims, finding as follows:

> Petitioner bases his claims of ineffective assistance of trial counsel and ineffective assistance of appellate counsel upon the claim that he was not advised of the correct range of punishment when he entered his plea of guilty. This contention is not supported by the record before this Court. The Uniform Plea of Guilty -- Summary of Facts form has not been included as part of the record on appeal. The record reflects Petitioner entered a blind plea of guilty. The State recommended twenty years and the trial court accepted Petitioner's plea and the recommendation of the State. The record does not show Petitioner was advised of the incorrect range of punishment. Therefore, Petitioner has not shown he was denied effective assistance of trial or appellate counsel.

See Dkt. # 8, Ex. 5.

A defendant generally waives all objections of a constitutional nature when he knowingly and voluntarily enters a guilty plea, because "a guilty plea represents a break in the chain of events which has preceded it in the criminal process," and "[w]hen a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. Henderson, 411 U.S. 258, 267 (1973); United States v. Salazar, 323 F.3d 852, 856 (10th Cir. 2003) ("it is well established that a voluntary and unconditional guilty plea waives all non-jurisdictional defenses"). "It is beyond dispute that a guilty plea must be both knowing and voluntary. 'The standard was and remains whether the plea

5

represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.'" Parke v. Raley, 506 U.S. 20, 28-29 (1992) (quoting North Carolina v. Alford, 400 U.S. 25, 31 (1970)) (other citations omitted). In considering a habeas petition, or after the judgment of conviction upon a guilty plea has become final, "the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary." United States v. Broce, 488 U.S. 563, 569 (1989). Accordingly, only those ineffective assistance claims that would render a petitioner's plea involuntary would remain after a guilty plea.

To prevail on an ineffective assistance of counsel claim, a petitioner must show both that counsel's performance was deficient and that the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Under the first prong of the test, "counsel's representation [must] f[a]ll below an objective standard of reasonableness." Id. at 688. Under the second prong, there "must . . . [be] a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. "[T]he two-part Strickland . . . test applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58 (1985). "[T]o satisfy the 'prejudice' requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Id. at 59. The Tenth Circuit has determined that "[w]hen assessing 'prejudice,' a court may consider the likelihood that the correction of an alleged error 'would have led counsel to change his recommendation as to the plea. This assessment, in turn, will depend in large part on a prediction whether the [error] likely would

have changed the outcome of a trial.'" Fields v. Gibson, 277 F.3d 1203, 1215 (10th Cir. 2002) (quoting Hill, 474 U.S. at 59).

When a habeas petitioner alleges that his appellate counsel rendered ineffective assistance by failing to raise an issue on direct appeal, the Court first examines the merits of the omitted issue. Hawkins v. Hannigan, 185 F.3d 1146, 1152 (10th Cir. 1999). If the omitted issue is meritless, then counsel's failure to raise it does not amount to constitutionally ineffective assistance. Id.; see also Parker v. Champion, 148 F.3d 1219, 1221 (10th Cir. 1998) (citing United States v. Cook, 45 F.3d 388, 392-93 (10th Cir. 1995)). If the issue has merit, the Court then must determine whether counsel's failure to raise the claim on direct appeal was deficient and prejudicial. Hawkins, 185 F.3d at 1152; see also Cook, 45 F.3d at 394. The relevant questions for assessing a petitioner's claim of ineffective assistance of appellate counsel are whether appellate counsel was "objectively unreasonable" in failing to raise the omitted claims on appeal and, if so, whether there is a "reasonable probability that, but for his counsel's unreasonable failure" to raise the claims, petitioner "would have prevailed on his appeal." Neill, 278 F.3d at 1057 (citing Smith v. Robbins, 528 U.S. 259, 285-86 (2000) (applying Strickland, 466 U.S. at 687-91)).

**1. Claims based on allegedly erroneous minimum sentence advisement**

At the heart of Petitioner's claim that his plea of guilty was not knowingly and voluntarily entered is his allegation that he was not properly advised of the minimum sentence he faced for the crime charged, Robbery With a Weapon in violation of Okla. Stat. tit. 21, § 801. As discussed below, appellate counsel raised that claim on *certiorari* appeal. However, the OCCA imposed a procedural bar on the claim based on trial counsel's failure to raise the claim in the motion to withdraw plea. In his habeas petition, Petitioner argues as he did in his state application for post-

7

conviction relief, that trial counsel provided ineffective assistance in failing to raise the claim in the motion to withdraw plea and that appellate counsel provided ineffective assistance in failing to raise the claim of ineffective assistance of trial counsel.

Petitioner is not entitled to habeas corpus relief unless he demonstrates that the OCCA's post-conviction adjudication of his claims of ineffective assistance of counsel was "contrary to, or an unreasonable application of" the standards announced in Strickland and Hill. The OCCA determined that the record does not support Petitioner's claims of ineffective assistance of counsel. This Court agrees.  Petitioner entered a blind plea of guilty to Robbery With a Weapon in violation of Okla. Stat. tit. 21, § 801, and, because he had two prior felony convictions, he was sentenced pursuant to Oklahoma's general enhancement statute, Okla. Stat. tit. 21, § 51.1. See Dkt. # 10, Judgment and Sentence[1] entered in Washington County District Court, Case No. CF-2004-513. When a defendant is convicted of a felony qualifying as a violent offense under Okla. Stat. tit. 57, § 571, after former conviction of two or more felonies, the minimum sentence under Okla. Stat. tit. 21, § 51.1(B), is twenty years. Petitioner claims that trial counsel provided ineffective assistance in failing to argue in the motion to withdraw plea that he should have been sentenced pursuant to Okla. Stat. tit. 21, § 801, and that the minimum sentence provided under that statute is ten years.[2]

---

[1] The Court notes that Judgment and Sentence provides that Petitioner's sentence was "enhanced in accordance with the provisions set forth in 21 O.S. § 51." (Dkt. # 10). Section 51 of Title 21 was repealed, effective July 1, 1999.  Thus, the Court assumes the citation to § 51 was a clerical error since the general enhancement statute applied in this case is found at Okla. Stat. tit. 21, § 51.1.

[2] Neither Okla. Stat. tit. 21, § 801, nor Okla. Stat. tit. 21, § 51.1(B), specify a maximum term of imprisonment.

Petitioner is correct that upon a third conviction for Robbery With a Weapon, in violation of Okla. Stat. tit. 21, § 801, the minimum sentence is ten (10) years. Turner v. State, 803 P.2d 1152, 1158-59 (Okla. Crim. App. 1990) (stating that when a defendant has been convicted of three (3) separate and distinct robberies in violation of Section 801, then the specific enhancement provisions of that statute, rather than the general enhance provisions of Section 51 [now Section 51.1], apply); see also Ellis v. State, 749 P.2d 114, 116 (Okla. Crim. App. 1988). Section 801 provides as follows:

> Upon conviction therefor, any person guilty of three separate and distinct felonies, *in violation of this section* shall suffer punishment by imprisonment for life in the State Penitentiary, or for a period of time of not less than ten (10) years, and it is mandatory upon the court to impose no less than the minimum sentence of ten (10) years. The sentence imposed upon such person shall not be reduced to less than ten (10) calendar years, nor suspended, nor shall any person be eligible for probation or parole or receive any deduction from his sentence for good conduct until he shall have served ten (10) calendar years of such sentence.

Okla. Stat. tit. 21, § 801 (emphasis added). The problem with Petitioner's argument is that only one of his prior robbery convictions was entered under Okla. Stat. tit. 21, § 801. According to the "Plea of Guilty -- Summary of Facts," see Dkt. # 10, Petitioner's two prior felony convictions were entered in Tulsa County District Court, Case No. CF-1996-2351, and Caddo Parish District Court, Louisiana, # 143922. The Tulsa County conviction was for Robbery With a Firearm, in violation of Okla. Stat. tit. 21, § 801. The Caddo Parish conviction was based on violation of Louisiana law. Although the Louisiana conviction[3] counts as a prior felony conviction for purposes of Oklahoma's general enhancement statute, see Okla. Stat. tit. 21, § 54; see also Clonce v. State, 588 P.2d 584, 591-92 (Okla. Crim. App. 1978); Richardson v. Evans, 99 F.3d 1150, *3 (10th Cir. 1996)

---

[3]At the change of plea hearing, Petitioner confirmed that his conviction entered in Caddo Parish, Louisiana, was for armed robbery and that he received a sentence of five years imprisonment. See Dkt. # 10, Trans. Plea Hr'g at 00018.

9

(unpublished), it does not count as a prior conviction entered as a violation of Okla. Stat. tit. 21, § 801, for purposes of sentence enhancement provided by that statute.[4] Thus, contrary to Petitioner's allegation, the trial judge correctly advised Petitioner of the minimum and maximum sentences when Petitioner entered his plea. Based on the record, Petitioner has failed to demonstrate that his guilty plea was not voluntary, knowing and intelligent, and trial counsel did not perform deficiently in failing to challenge the voluntariness of the plea in the motion to withdraw plea. Because trial counsel did not perform deficiently, appellate counsel did not perform deficiently in failing to raise the claim of ineffective assistance of trial counsel. Petitioner is not entitled to habeas corpus relief on those claims of ineffective assistance of counsel. 28 U.S.C. § 2254(d).

The record contains further evidence refuting Petitioner's claim that his decision to plead guilty was involuntary. At the time Petitioner's guilty plea was accepted by the trial court, Petitioner signed, under oath, the "Plea of Guilty -- Summary of Facts" reflecting the counseled and voluntary entry of guilty pleas (Dkt.# 10, attachment).[5] That document refutes Petitioner's claim that his guilty plea was involuntarily entered. In completing the document, Petitioner responded "Yes" when asked, "Do you understand the nature and consequences of these proceedings?" See id., ¶ 8. He answered "Yes" when asked whether he understood that the range of punishment was a minimum of 20 years

---

[4] Oklahoma law provides that a specific statutory enhancement provision controls over the more general provisions of Okla. Stat. tit. 21, § 51.1, or other law. See Okla. Stat. tit. 21, § 11; see also Watts v. State, 197 P.3d 1094, 1096 (Okla. Crim. App. 2008) (discussing applicability of specific enhancement provisions of the Uniform Controlled Dangerous Substances Act). The enhancement provision in section 801 is a specific enhancement provision. However, it is too specific, requiring three violations "of this section," to encompass Petitioner's conviction entered under Louisiana law.

[5] Reliance upon a form reflecting questions and answers is sufficient to establish whether the entry of a plea of guilty is knowing and voluntary. Hoffman v. Young, 23 Fed. Appx. 885, 887 (10th Cir. Oct.12, 2001) (unpublished).

to a maximum of life. Id., ¶ 11. Petitioner swore under oath that the statements were true and correct. See id., ¶ 28. Based on Petitioner's averments, the state court made factual determinations that Petitioner understood the nature, purpose and consequences of the proceeding, that the plea of guilty was knowingly and voluntarily entered, and that a factual basis for the plea existed. Id., ¶ 32(b), (c), and (e). The trial court judge's determination that Petitioner's guilty plea was knowingly and voluntarily entered is a finding of fact. Petitioner has not carried his burden of overcoming the presumption of correctness afforded those findings of fact by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

Furthermore, Petitioner has not satisfied the prejudice prong of the Strickland standard as applicable to a guilty plea. In his reply brief, Petitioner makes contradictory statements concerning the relief he seeks. First, he alleges that had counsel advised him of the minimum sentence purported to be applicable under § 801, he "would not have pleaded guilty." See Dkt. # 13 at 17-18. Then, in the final paragraph of his reply brief he states, "Petitioner does not seek to withdraw his guilty plea in the instant case. Instead, Petitioner simply seeks to be properly sentenced . . . [to] ten (10) years." Id. at 18. However, to satisfy the prejudice prong of the Strickland standard, Petitioner has to demonstrate that but for counsel's deficient performance, there is a reasonable probability that he would have gone to trial instead of pleading guilty. See Hill, 474 U.S. at 59; Miller, 262 F.3d at 1072. Petitioner pled guilty, after having been advised that his minimum sentence was twenty years. Given this plea, Petitioner has not shown why he would not have also pled guilty if he had been advised that the minimum sentence was ten years. In other words, it is illogical and incredible for Petitioner to suggest that he would have proceeded to trial had his attorney advised of the purportedly available lesser minimum sentence. See Stewart v. Peters, 958 F.2d 1379, 1385 (7th Cir.

1992) (noting that because a defendant would have had more to gain from pleading guilty if he had thought a lesser minimum sentence was available, the judge's failure to inform the defendant of a lesser sentence was not material to the voluntariness of the defendant's guilty plea). Accordingly, under the totality of the factual circumstances surrounding the plea, the Court concludes that Petitioner was not prejudiced by Mr. Conatser's failure to allege in the motion to withdraw plea of guilty that the plea was not knowingly and voluntarily entered.

**2. Counsel's conflict of interest resulted in involuntary guilty plea**

Petitioner also claims that his trial counsel worked under a conflict of interest and that appellate counsel provided ineffective assistance in failing to raise this claim of ineffective assistance of trial counsel on *certiorari* appeal. Petitioner identified the factual basis of this claim in his brief in support of his post-conviction appeal. See Dkt. # 8, Ex. 4 attached brief at 9-10. Although the OCCA did not specifically address this claim in its order affirming the denial of post-conviction relief, see Dkt. # 8, Ex. 5, this Court finds the rejection of the ineffective assistance of trial and appellate counsel claims is nonetheless entitled to deference under § 2254(d). Aycox v. Lytle, 196 F.3d 1174, 1177 (10th Cir. 1999) ("[W]e owe deference to the state court's *result*, even if its reasoning is not expressly stated." (emphasis in original)).

The factual basis of Petitioner's conflict of interest claim is not developed in his petition. However, in his reply to the response, Petitioner cites Cuyler v. Sullivan, 446 U.S. 335, 350 (1980), and argues that his conflict with trial counsel "consisted of the fact that Mr. Conatser would not file motions to suppress evidence, would not investigate his case, failed to uphold his agreement to go to Vinita Alcohol and Drug Center and failed to argue the minimum sentence of 10 years and the Court refused to give him access to the law library to see if counsel was consistent with the law."

(Dkt. # 13 at 5). The record reflects that Petitioner and his trial counsel, Jim Conatser, did not get along. Just prior to the commencement of a jury trial, Petitioner and counsel met with the prosecutor in the trial judge's chambers. See Dkt. # 10, Trans. Plea Hr'g. Petitioner was allowed to provide details concerning his dissatisfaction with Mr. Conatser's representation. Id. at 3-6. The trial court acknowledged receiving Petitioner's request for appointment of a different attorney and denied the request. Id. at 6-7.

The Court finds Petitioner has failed to demonstrate that the OCCA's rejection of this claim on post-conviction appeal was contrary to or an unreasonable application of Supreme Court law as required by 28 U.S.C. § 2254(d). In order to establish a violation of the Sixth Amendment based on a conflict of interest, "a defendant who raised no objection at trial must demonstrate that an actual conflict of interest adversely affected his lawyer's performance." Cuyler, 446 U.S. at 348. Where the defendant makes a timely objection pointing out a conflict of interest, prejudice is presumed if the trial court fails to make an adequate inquiry into the situation and take appropriate steps. Selsor v. Kaiser, 22 F.3d 1029, 1032-33 (10th Cir.1994) (citing Holloway, 435 U.S. at 484). "Prejudice is presumed only if the defendant demonstrates that counsel 'actively represented conflicting interests'...." Strickland, 466 U.S. at 692 (quoting Cuyler, 446 U.S. at 350). The mere possibility of a conflict of interest "is insufficient to impugn a criminal conviction." Cuyler, 446 U.S. at 350. More recently, the Supreme Court held that to demonstrate a Sixth Amendment violation where the trial court failed to inquire into potential conflict of interest about which it knew or reasonably should have known, the defendant had to establish that this conflict of interest adversely affected counsel's performance. Mickens v. Taylor, 535 U.S. 162 (2002) (capital case involving alleged

13

conflict of interest resulting from defense attorney's representation of defendant's victim at time of murder).

The record reflects that Petitioner attempted to fire his attorney, Jim Conatser, on the first day of his jury trial. The trial court allowed Petitioner to explain why he wanted to fire Mr. Conatser and allowed Mr. Conatser to respond to Petitioner's allegations. See Dkt. # 10, Trans. Plea Hr'g at 3-7. The trial court denied Petitioner's request for appointment of a different attorney and advised Petitioner as follows:

> A court-appointed attorney is appointed. You do not have the right to fire that attorney. If you wish to have an attorney other than what was appointed to you, you have to hire an attorney. I'm denying your request for another attorney, and there has been no file [sic] of a motion to change the venue other than the oral motion. It is not complied with by statute. I'm denying that request. I want you to understand that as charged, as Mr. Conatser said, as charged with a robbery with a weapon under this statute, which is a violent crime as defined by the Oklahoma Statues, if the jury finds you guilty of the robbery with a weapon charge and finds that you have two prior convictions as set out on the second page, the minimum sentence which they can impose under the law is 20 years in the Department of Corrections, and that is the minimum. This crime actually carries up to the possibility of life imprisonment, or they can pick a number anywhere from 20 to infinity; do you understand that?

Id. at 6-7. In response to the trial judge's question, Petitioner stated that he understood the sentencing range. Id. at 7. Following a recess taken so that Petitioner could confer with his attorney, Petitioner agreed to waive a jury trial and enter a plea of guilty. Id at 11.

Based on a careful review of the record in this case, the Court finds that Petitioner has failed to demonstrate that he received ineffective assistance of counsel based on a conflict of interest. Although the record reflects that Petitioner was not pleased with his attorney, Petitioner has failed to point to facts showing that an actual conflict of interest adversely affected his lawyer's performance. The trial court judge afforded Petitioner the opportunity to explain the bases for his dissatisfaction and for the existence of an alleged conflict of interest. Petitioner's complaints focused

14

on his allegations that Mr. Conatser was not prepared. However, Mr. Conatser negotiated entry of the minimum sentence available to Petitioner under Oklahoma law. Therefore, Petitioner has not demonstrated any adverse effects from a potential conflict of interest. His claim of ineffective assistance of trial counsel based on a conflict of interest lacks merit.

Because Petitioner has demonstrated neither an actual conflict on the part of his counsel nor any adverse effects of a potential conflict of interest, the Court concludes that Petitioner has not shown that his appellate counsel provided ineffective assistance in failing raise a claim concerning the alleged conflict of interest. Petitioner's arguments do not convince the Court that the outcome of his appeal would have been different had appellate counsel raised the claim of ineffective assistance of trial counsel. As a result, Petitioner has not satisfied the prejudice prong of the Strickland standard. The OCCA's rejection of this claim on post-conviction appeal was not contrary to or an unreasonable application of federal law as determined by Supreme Court. See 28 U.S.C. § 2254(d). Thus, Petitioner is not entitled to habeas corpus relief on this ground.

### 3. Waiver of presentence investigation

Petitioner also complains that trial counsel provided ineffective assistance of counsel in waiving a presentence investigation ("PSI") and that appellate counsel provided ineffective assistance in failing to raise this claim of ineffective assistance of trial counsel on *certiorari* appeal. Petitioner raised these claims in his supporting brief filed in his post-conviction appeal. See Dkt. # 8, Ex. 4 attached brief at 6. The OCCA did not specifically address the claims in its order affirming the denial of post-conviction relief. Nonetheless, as discussed above, the decision of the OCCA is entitled to deference under the AEDPA.

The Court finds Petitioner's conclusory allegations asserted in this habeas action fail to satisfy the prejudice prong of Strickland. In his reply brief, Petitioner states that he was prejudiced by trial counsel's allegedly deficient performance "because the PSI would of [sic] had relevant information that would of [sic] helped the sentencing process of the Petitioner." (Dkt. # 13 at 10). Petitioner completely fails to identify "relevant information" that may have been included in a PSI. In addition, Petitioner received the minimum sentence allowed under Oklahoma law. Therefore, he cannot demonstrate that the result of his sentencing proceeding would have been different had trial counsel requested preparation of a PSI. His claim of ineffective assistance of trial counsel lacks merit. Therefore, appellate counsel did not perform deficiently in failing to raise the claim. Petitioner is not entitled to habeas corpus relief on these claims of ineffective trial and appellate counsel.

In summary, Petitioner has failed to demonstrate that the OCCA's adjudication of his claims of ineffective assistance of counsel was an unreasonable application of federal law as determined by the Supreme Court or was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings. As a result, Petitioner's request for habeas corpus relief based on claims of ineffective assistance of counsel shall be denied pursuant to 28 U.S.C. § 2254(d).

**C.  Procedural bar (ground 1)**

In ground 1, Petitioner asserts that his guilty plea was not knowingly and voluntarily entered because the trial judge failed to advise him of the correct minimum sentence as provided by Okla. Stat. tit. 21, § 801. Respondent asserts that this Court is precluded from considering this claim based on the doctrine of procedural bar. See Dkt. # 8. The record reflects that Petitioner raised his ground

1 claim in his petition for writ of *certiorari*. However, the OCCA cited Walker v. State, 953 P.2d 354, 355 (Okla. Crim. App. 1998), and Rule 4.2(B), *Rules of the Oklahoma Court of Criminal Appeals*, and ruled that "[w]e do not reach the merits of the proposition since we find that Thomas waived the issue by failing to raise it in his motion to withdraw the guilty plea as required by this Court's rules." See Dkt. # 8, Ex. 3.

The doctrine of procedural default prohibits a federal court from considering a specific habeas claim where the state's highest court has declined to reach the merits of that claim on independent and adequate state procedural grounds, unless petitioner can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 724 (1991); see also Matthews v. Workman, 577 F.3d 1175, 1195 (10th Cir. 2009); Maes v. Thomas, 46 F.3d 979, 985 (10th Cir. 1995); Gilbert v. Scott, 941 F.2d 1065, 1067-68 (10th Cir. 1991). "A state court finding of procedural default is independent if it is separate and distinct from federal law." Maes, 46 F.3d at 985. A finding of procedural default is an adequate state ground if it has been applied evenhandedly "'in the vast majority of cases.'" Id. (quoting Andrews v. Deland, 943 F.2d 1162, 1190 (10th Cir. 1991)).

In this case, the Court finds that Petitioner's ground 1 is procedurally barred. The OCCA's procedural bar, based on Petitioner's failure to raise the claim in his motion to withdraw the guilty plea, is an "independent" state ground because state law provided "the exclusive basis for the state court's holding." Maes, 46 F.3d at 985. Petitioner filed a reply to Respondent's response but does

not challenge the adequacy of the procedural bar imposed on his ground 1 claim.[6] Therefore, the Court finds that the procedural bar imposed on ground 1 is adequate to preclude federal habeas review.[7] See Hooks v. Ward, 184 F.3d 1206, 1217 (10th Cir. 1999) (finding that once the state pleads the affirmative defense of an independent and adequate state procedural bar, the burden to place that defense in issue shifts to the petitioner to make, at a minimum, specific allegations as to the inadequacy of the state procedure).

This Court may not consider Petitioner's procedurally barred claim unless he is able to show "cause and prejudice" for the default, or demonstrate that a fundamental miscarriage of justice would result if his claim is not considered. See Coleman, 501 U.S. at 750; Demarest v. Price, 130 F.3d 922, 941-42 (10th Cir. 1997). The cause standard requires a petitioner to "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). Examples of such external factors include the discovery of new evidence, a change in the law, and interference by state officials. Id. As for prejudice, a petitioner must show "'actual prejudice' resulting from the errors of which he complains." United States v. Frady, 456 U.S. 152, 168 (1982). A "fundamental miscarriage of justice" instead requires a petitioner to demonstrate that he is "actually innocent" of the crime of which he was convicted. McCleskey v. Zant, 499 U.S. 467, 494 (1991).

---

[6]Curiously, Petitioner argues in his reply that the Court is not precluded from considering his claims of ineffective assistance of counsel because the state's procedural bar is inadequate. See Dkt. # 13. However, the OCCA did not impose a procedural bar on the ineffective assistance of counsel claims and Respondent does not argue that the claims of ineffective assistance of counsel are procedurally barred.

[7]The Court notes that even if the procedural bar imposed on ground 1 based on Petitioner's failure to comply with Rule 4.2(B) is not adequate to preclude federal review of the claim, the claim lacks merit and would be denied for the reasons discussed in Part B(1) of this Opinion and Order.

The Court recognizes that in certain circumstances, counsel's ineffectiveness can constitute "cause" sufficient to excuse a state prisoner's procedural default. See Murray, 477 U.S. at 488-89. However, the ineffective assistance of counsel claim itself must be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default. Id. at 489; Edwards v. Carpenter, 529 U.S. 446, 453 (2000). In this case, Petitioner raised his claims of ineffective assistance of counsel on post-conviction appeal. The Court has determined above that neither trial nor appellate counsel provided ineffective assistance in failing to challenge the voluntariness of Petitioner's guilty plea. Therefore, Petitioner has failed to demonstrate "cause" to overcome the procedural bar.

Petitioner may also overcome the procedural bar applicable to his defaulted claims under the fundamental miscarriage of justice exception. That exception is applicable only when a petitioner asserts a claim of actual innocence. Herrera v. Collins, 506 U.S. 390, 403-04 (1993); Sawyer v. Whitley, 505 U.S. 333, 339-41 (1992); see also Schlup v. Delo, 513 U.S. 298 (1995). To meet this test, a criminal defendant must make a colorable showing of factual innocence. Beavers v. Saffle, 216 F.3d 918, 923 (10th Cir. 2000) (citing Herrera, 506 U.S. at 404). In this case, Petitioner does not assert that he is innocent of the crime to which he entered a plea of guilty. He does not fall within the "fundamental miscarriage of justice" exception to the doctrine of procedural bar.

Accordingly, because Petitioner has not demonstrated "cause and prejudice" or that a "fundamental miscarriage of justice" will result if his claim is not considered, the Court concludes that ground 1 is procedurally barred. Coleman, 510 U.S. at 724. Petitioner is not entitled to habeas corpus relief on that claim.

### *CONCLUSION*

After careful review of the record in this case, the Court concludes that Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States. Therefore, his petition for writ of habeas corpus shall be denied.

**ACCORDINGLY, IT IS HEREBY ORDERED that** the petition for writ of habeas corpus (Dkt. # 1) is **denied**. A separate judgment shall be entered in this matter.

DATED THIS 20th day of September, 2010.

Gregory K. Frizzell
United States District Judge
Northern District of Oklahoma